IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT

FILED
2022 FEB 18 PM 12:06

**MARKETA ANN ROGERS,**

    **Plaintiff,**

v.                                              CAUSE NO. 18CV-22-108

**NC ENTERPRISES, LLC;
LTI TRUCKING SERVICES, INC.;
ROBERT THOMAS ROURKE,
and JOHN DOES 1-3,**

    **Defendants.**

## COMPLAINT

COMES NOW, Plaintiff, Marketa Rogers, by and through counsel, hereby files this Complaint against Defendants, LTI Trucking Services, Inc., NC Enterprises, LLC, Robert Thomas Rourke, and John Does 1-3, for personal injuries and damages, and would respectfully state as follows:

### PARTIES

1. Plaintiff, Marketa Rogers, is an adult resident of Turrell, Arkansas.

2. Upon information and belief, Defendant, Robert Thomas Rourke, is an adult resident of Utah, and at all times relevant, may be served through the secretary of state. Defendant has indicated that he lives in Utah and has only provided a PO Box for service. Defendant's provided address is P.O. Box 6052, Utah 84341.

3. Upon information and belief, Defendant, NC Enterprises, LLC, is a Limited Liability Corporation formed in Missouri, and doing business in Missouri, and may be served with



process through SCW Registered Agent Inc., at 8909 Ladue Road, St. Louis, Missouri, 63124, United States.

4. Upon information and belief, Defendant, LTI Trucking Services, Inc. is a foreign for-profit corporation, and doing business in Missouri as LTI Trucking Services Inc. (hereinafter "LTI Trucking"). LTI Trucking may be served through its registered agent of service of process, SCW Registered Agent Inc. at 8909 Ladue Road, St. Louis, Missouri, 63124, United States.

5. That Defendants John Does 1-3 are corporations, entities, agencies, businesses, individuals, and the like which are presently unknown to the Plaintiff but whose negligent acts and/or omissions may have proximately caused or contributed to Plaintiff's injuries. Plaintiff will amend this Complaint to allege the true capacity of these parties when they are ascertained.

## JURISDICTION AND VENUE

6. The incident that from the basis of this suit occurred in Turrell, Crittenden County, Arkansas, thus this Court has personal jurisdiction over the parties and venue is proper in this county.

7. This action arises in tort out of personal injuries and damages incurred as a result of an automobile accident that occurred on March 4, 2020, in Turrell, Crittenden County, Arkansas.

## FACTS

8. Upon information and belief, Plaintiff alleges that, at all times material hereto, including March 4, 2020, Defendant, Robert Thomas Rourke, was the authorized driver of the 2016 Volvo (VIN: 4V4NC9EH2GN958896; License Plate: P890078 IL), and was acting as the agent, employee, and/or servant of LTI Trucking Transportation and/or NC Enterprises LLC, which was involved in the accident with the Plaintiff on March 4, 2020.

9. On or about March 4, 2020, Plaintiff, Marketa Rogers, was driving a 2002 Pontiac Grand Prix (VIN; 1G2WP52K62F285955; License Plate: 797VYG AR), traveling southbound on I-55 in

the outside lane. While travelling along I-55, Robert Thomas Rourke was operating the 2016 Volvo semi and suddenly and without warning collided with the rear of the Plaintiff vehicle.

10. Plaintiff believes that at the time of the collision that she moving at a normal rate of speed and the driver of the 2016 Volvo semi was recklessly exceeding the speed, not devoting full attention to the road, and/or was unnecessarily distracted when he collided with the rear of the Plaintiffs vehicle

11. The driver of the 2016 Volvo semi, recklessly and/or negligently failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

12. As a direct and proximate result of the Defendants' reckless and/or negligent acts or omissions, Plaintiff, Marketa Rogers, sustained personal injuries and other damages to be more particularly described hereinafter.

## NEGLIGENT ACTS AND/OR RECKLESSNESS

13. Plaintiff incorporate paragraphs 1 through 12 as if restated here verbatim.

14. Plaintiff, Marketa Rogers, did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the Defendants, sustained personal injuries and other damages.

15. Upon information and belief, Plaintiffs allege that on or about March 4, 2020, Defendant, Robert Thomas Rourke, was operating the above-referenced 2016 Volvo semi, as the agent, servant and/or employee of Defendants, LTI Trucking Transportation Inc., NC Enterprises LLC, and/or John Does 1-3. Thus, Plaintiff relies upon the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendant, Robert Thomas Rourke,

should be imputed to Defendants, LTI Trucking Transportation Inc., NC Enterprises LLC, and/or John Does 1-3.

16. Plaintiff charges and alleges that Defendant, Robert Thomas Rourke, is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of his commercial vehicle;

    (d) Failing to see what was there to be seen;

    (e) Failing to maintain control of said commercial vehicle;

    (f) Impeding the normal and reasonable movement of traffic;

    (g) Driving in a careless manner;

    (h) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENCE PER SE

17. Plaintiff incorporate paragraphs 1 through 16 as if restated here verbatim

18. Defendant Robert Thomas Rourke was in violation of including but not limited to the following Arkansas statutes, which were in full force and effect at the time and place of the collision, such violations constituting negligence per se:

§ 27-50-308. Reckless driving

(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.

§ 27-51-104. Careless and prohibited driving

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

> (3) Driving in such a manner or at such a speed so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;
>
> (5) Driving a vehicle which has any part thereof or any object extended in such fashion as to endanger persons or property;
>
> (6) To operate any vehicle in such a manner which would cause a failure to maintain control;
>
> (8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

§ 27-51-305. Following too closely.
(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of vehicles and the traffic upon and the condition of the highway.

19. Plaintiffs incorporate paragraphs 1 through 18 as if restated here verbatim.

20. Upon information and belief, Defendant LTI Trucking Services Inc. and/or NC Enterprises LLC is the registered owner of U.S. DOT number 1420767 and Docket Number: MC398388 displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

21. At all times relevant to this cause of action, the Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399).

22. Upon information and belief, the Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

    a. § 390 General
    b. § 392 Driving of Commercial Motor Vehicles
    c. § 393 Parts and Accessories Necessary for Safe Operation
    d. § 395 Hours of Service

§383.1 Purpose and scope.
(a) The purpose of this part is to help reduce or prevent truck and bus accidents, fatalities, and injuries by requiring drivers to have a single commercial motor vehicle driver's license and by disqualifying drivers who operate commercial motor vehicles in an unsafe manner.
...

§383.3 Applicability.
(a) The rules in this part apply to every person who operates a commercial motor vehicle (CMV) in interstate, foreign, or intrastate commerce, to all employers of such persons, and to all States.
...

383.111 Required knowledge.

(a) All CMV operators must have knowledge of the following 20 general areas:

...

(3) CMV safety control systems. (i) Proper use of the motor vehicle's safety system, including lights, horns, side and rear-view mirrors, proper mirror adjustments, fire extinguishers, symptoms of improper operation revealed through instruments, motor vehicle operation characteristics, and diagnosing malfunctions.

(7) Visual search. The importance of proper visual search, and proper visual search methods, including:

    (i) Seeing ahead and to the sides;
    (ii) Use of mirrors; and

(8) Communication. The principles and procedures for proper communications and the hazards of failure to signal properly, including:

    (i) Signaling intent, e.g., signaling when changing direction in traffic;

      (ii) Communicating presence, e.g., using horn or lights to signal presence; and

(9) Speed management. The importance of understanding the effects of speed, including:

      (iv) Speed and visibility; and
      (v) Speed and traffic flow.

(10) *Space management.* The procedures and techniques for controlling the space around the vehicle, including:
      (i) The importance of space management;
      (ii) Space cushions, e.g., controlling space ahead/to the rear;
      (iii) Space to the sides; and
      (iv) Space for traffic gaps.

(13) Hazard perceptions. The basic information on hazard perception and clues for recognition of hazards, including:

      (i) Road characteristics; and
      (ii) Road user activities.

(20) Fatigue and awareness. Practices that are important to staying alert and safe while driving, including;

      (i) Being prepared to drive;
      (ii) What to do when driving to avoid fatigue;
      (iii) What to do when sleepy while driving; and
      (iv) What to do when becoming ill while driving.

§392.3   Ill or fatigued operator.

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle....

§392.7   Equipment, inspection and use.
(a) No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order, nor shall any driver fail to use or make use of such parts and accessories when and as needed...

23. Defendant, LTI Trucking Services Inc. and/or NC Enterprises LLC, was required to teach and train Defendant Robert Thomas Rourke so that he would be able to understand and obey the rules and regulations contained in the FMCSR.

24. The violations of the rules and regulations contained in the FMCSR and Defendants' negligence per se were a direct and proximate cause of Plaintiff's injuries and resulting damages.

## NEGLIGENT ENTRUSTMENT

25. Plaintiff incorporates paragraphs 1 through 24 as if restated here verbatim.

26. Plaintiff alleges, upon information and belief, that Defendants, LTI Trucking Services Inc., NC Enterprises LLC, and/or John Does 1-3, knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Robert Thomas Rourke's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

27. Plaintiff alleges that Defendants, LTI Trucking Services Inc., NC Enterprises LLC, and/or John Does 1-3, is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

    (a) Negligent entrustment of the subject vehicle to Defendant, Robert Thomas Rourke;

    (b) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

28. Plaintiff incorporates paragraphs 1 through 27 as if restated here verbatim

29. Plaintiff alleges, upon information and belief, that Defendants, LTI Trucking Services Inc., NC Enterprises LLC, and/or John Does 1-3, knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Robert Thomas Rourke's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

30. Plaintiffs allege that Defendants, LTI Trucking Services Inc., NC Enterprises LLC, and/or John Does 1-3, is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

   a) Negligent training of Defendant, Robert Thomas Rourke;

   b) Negligent supervision of Defendant, Robert Thomas Rourke;

   c) Negligent hiring of Defendant, Robert Thomas Rourke;

   d) Other acts and/or omissions to be shown at the trial of this cause

## PUNITIVE DAMAGES

31. Plaintiffs incorporate paragraphs 1 through 30 as if restated here verbatim.

32. The actions of Defendants and its employees, agents and contractors alleged herein constitute a conscious disregard of substantial and unjustified risk of injury and/or death to the public, including Plaintiff, Marketa Rogers, and constitutes a gross deviation from the standard of care that an ordinary person or business owner would exercise under the circumstances, which rises to the level of recklessness entitling Plaintiffs to a substantial award of punitive damages.

33. The Plaintiffs seek punitive damages for the Defendants' actions.

## INJURIES AND DAMAGES

34. Plaintiffs incorporate paragraphs 1 through 33 as if restated here verbatim

35. As a direct and proximate cause or a proximate contributing cause of Defendants' negligence and/or recklessness, Plaintiff Marketa Rogers suffered including, but not limited to the following injuries and damages:

   a. Plaintiff suffered serious and substantial temporary and permanent injuries to various parts of his body as a whole;

b.  Plaintiff suffered past, present and future physical and emotional pain, physical impairment, mental anguish and inconvenience;

c.  Plaintiff incurred and continues to incur expenses for doctor, hospital and prescription bills and will continue to incur further expenses in the future due to Defendants' negligence;

d.  Plaintiff has incurred certain other reasonable and necessary healthcare expenses. Prescription expenses, transportation expenses to and from healthcare providers, and other out of pocket expenses, the nature and amount of which yet to be determined;

e.  Plaintiff suffered loss of earnings and income and may continue to suffer a loss of income in the future;

f.  Plaintiff has suffered loss of quality and enjoyment of the normal pleasures of life, past, present, and future;

g.  Plaintiff has suffered loss of future earning capacity; and

h.  Plaintiff has incurred and suffered other damages to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully sues Defendants, LTI Trucking Services Inc., NC Enterprises LLC, Robert Thomas Rourke, and John Does 1-3 for a reasonable amount of restitution and compensation for damages the sum of **SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), and for ONE MILLION AND FIVE HJNDRED THOUSAND DOLLARS ($1,500,000.00)** in punitive damages for the Defendants' reckless actions.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to

the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

REAVES LAW FIRM, PLLC

JAMES R. DAVIS, JR., No. 2019064
*Attorney for Plaintiff*
1991 Corporate Ave, Ste. 300
Memphis, TN, 38132
(901) 417-7166
james.davis@beyourvoice.com